IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| KEITH HOPSECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4206-SSA-CV-C-WAK |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Keith Hopsecker seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision partially denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. At issue is whether plaintiff was disabled on or after September 18, 2004. He was awarded benefits for the period between September 17, 2003, and September 17, 2004, but determined to be capable of working after that date. The parties' briefs are fully submitted.

**Standard of Review**

The reviewing court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

Substantial evidence is "relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Young v. Apfel, 221 F.3d at 1068. It is

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

more than a scintilla of evidence, McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983), but is less than a preponderance of the evidence. Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001). The possibility of drawing inconsistent conclusions from the evidence does not prevent the Commissioner's finding from being supported by substantial evidence. Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d at 282. To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian, 697 F.2d at 220.

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff Keith Hopsecker was born in 1965 and has a high school education. His work history reflects jobs as a fire fighter/emergency medical technician, housekeeper, dispatcher and rental store clerk. He claims he became disabled on September 17, 2003, following a stroke. Prior to the stroke, plaintiff had a steady work record with fairly consistent earnings.

Plaintiff asserts the Administrative Law Judge (ALJ) erred by failing to engage in the analysis required by <u>Polaski v. Heckler</u>, 439 F.2d 1320 (8th Cir. 1984), and by concluding plaintiff's residual functional capacity was not inhibited by nonexertional limitations after September 18, 2004. With those errors, plaintiff claims the ALJ's decision is not supported by substantial evidence on the record as a whole.

The medical records indicate plaintiff was regularly seen prior to September 2003 for migraine headaches, high blood pressure and related problems. He was admitted to the hospital in September 2003, and was discharged with a diagnosis of clinical depression, vertebral artery dissection, recalcitrant headache, hypertension, and cerebral ischemic event. Following his stroke, he went to a rehabilitation unit and was discharged in October 2003. At that time, he was moderately independent with the activities of daily living and mobility.

In November 2003, plaintiff was admitted to the hospital and had a complete closure of the patent foramen ovale. In March 2004, he was hospitalized for blurred vision, speech changes, headaches and fatigue, and in May 2004, for hemorrhagic gastritis with some blood in his stomach.

The ALJ found that between September 17, 2003, and September 17, 2004, plaintiff was unable to perform his past work and was entitled to benefits.

On September 17, 2004, plaintiff was examined by Dr. Charles Bondurant. Plaintiff reported no new neurological complaints and indicated he was doing fairly well. Examination of the cranial nerves showed some slow response to commands, but accurate and symmetrical responses. Plaintiff had full and symmetrical peripheral strength without apparent drift. Sensation and parietal lobe function was accurate. Hopsecker's coordination was observed to be accurate, his stance was stable and his gait was brisk and stable. After examining him, Bondurant found plaintiff was generally doing well and asked him to return in one year.

When plaintiff saw Dr. Groce in November 2004, he continued to have headaches and hypertension. Many of his medications had been discontinued, and Dr. Groce encouraged plaintiff to try to get some work or do something productive. In February 2005, Dr. Groce noted plaintiff's hypertension was still not well controlled and that he continued to have some muscle spasms in his neck and shoulders, which triggered headaches and sometimes nausea

and vomiting.  Dr. Groce wrote that plaintiff had not applied for work, but had thought about vocational rehabilitation training.  Dr. Groce did not restrict plaintiff from working or indicate plaintiff was limited in what he should attempt to do.

On March 1, 2005, Dr. Winkelmeyer examined plaintiff for hypertension, which now appeared to have been controlled.  Plaintiff's migraine headaches were less frequent.

In July 2005, plaintiff was seen several times at Mexico Medical Specialists for chronic shoulder pain and muscle spasms.  Records after July 2005 reflect continuing treatment for various levels of hypertension, headaches, and chronic shoulder pain.

Based upon the reports of Drs. Bondurant, Groce and Winkelmeyer, the ALJ found plaintiff had achieved medical improvement as of September 18, 2004, and his disability had ended.  The ALJ explained his reasons for discounting the medical interrogatories completed by Dr. Elkadi, who had seen plaintiff in September 2004 for diarrhea.  The ALJ referenced Dr. Elkadi's own records, which were inconsistent with the opinion of April 7, 2005.  The ALJ opined Dr. Elkadi must have relied heavily on plaintiff's subjective complaints in responding to the interrogatories.

The ALJ further found that plaintiff had no nonexertional limitations and had the residual functional capacity to do a full range of light exertional level work.

Plaintiff asserts the ALJ should have given greater weight to the opinion of Dr. Elkadi and should have found he had nonexertional limitations.  The opinion of a treating physician is normally entitled to deference, but the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data.  Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)).

With regard to nonexertional limitations, the medical records show limited medical treatment or medication for pain for a substantial period after September 18, 2004[2], and no treatment by mental health professionals for psychological mental impairments.  The ALJ also

---

[2]The issue is not whether plaintiff was experiencing pain during the coverage period, but how severe the pain was and whether it was disabling.  Dolph v. Barnhart, 308 F.3d 876, 880 (8th Cir. 2002); Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001).

4

found the medical evidence did not support plaintiff's limited daily activities to the degree alleged.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995).

After careful consideration of the record, the court finds substantial evidence to support the ALJ's decision to discount plaintiff's subjective complaints and to support the ALJ's determination of plaintiff's residual functional capacity. The ALJ did cite Polaski v. Heckler, and adequately, if minimally, addressed the factors to be considered with respect to plaintiff's subjective complaints.

Likewise, the ALJ considered plaintiff's credible impairments and limitations when he determined plaintiff's residual functional capacity. The ALJ's determination of residual functional capacity must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). It is a medical consideration that, in essence, defines "what he or she can do despite his or her limitations. 20 C.F.R. § 404.1545." Pearsall v. Massanari, 274 F.3d 1211, 1214 (8th Cir. 2001).

Even if this court would have reached a different decision than the ALJ, it must sustain the decision if there is substantial evidence on the record as a whole to support it. Such evidence exists in the record. Accordingly, for these reasons and those set forth in the Commissioner's brief, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 21st day of August, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*
WILLIAM A. KNOX
United States Magistrate Judge